STATE v. TUCKER.

1. DRAINAGE—CONSTITUTION.—Rev. Stat. 1273 and 1274, relating to drainage in Anderson and other counties, is not in conflict with sub. 11, sec. 34, art. III., of the Constitution; nor are they repealed by sub. 3, sec. 11, art. XVII.

2. IBID.—COUNTY BOARD OF COMMISSIONERS.—THE NEW COUNTY GOVERNMENT ACTS of 1894 (21 Stat., 483,) and 1895 (21 Stat., 756,) do not repeal Rev. Stat. 1273 and 1274, but the duties therein devolved on the county commissioners are by said acts devolved on county board of commissioners.

3. IBID.—INDICTMENT—REMEDIES.—Under Rev. Stat. 1273 and 1274, any citizen of the counties therein named may indict a landowner who neglects to remove trash, &c., from the streams on his land in the time therein stated.

Before KLUGH, J., Anderson, October, 1898. Affirmed.

Indictment against W. H. and J. B. Tucker. From judgment reversing magistrate, defendants appeal.

*Messrs. Bonham & Watkins,* for appellant, cite: *Rev. Stat. 1273 is special legislation, and obnoxious to sec. 34, art. III., of Con.:* 93 N. C., 600; 51 S. C., 52. *Said section is also inconsistent with sub. 3, sec. 11, art. XVII., of Con.:* 47 S. C., 172. *Rev. Stat. 1273, 1274, and 1276 were repealed by the county government acts of 1894 and 1895.*

*Messrs. Tribble & Prince,* contra (oral argument by latter).

Feb. 24, 1899. The opinion of the Court was delivered by

MR. JUSTICE JONES. Defendants were arrested under a warrant sworn out by a private citizen, charging them with neglecting to clean out a running stream in the county of Anderson, during the month of May, 1898, in violation of sections 1178 and 1179 of the General Statutes of 1882 and amendatory acts, now incorporated in the Revised Statutes of 1893 as sections 1273 and 1274.

The first question presented by this appeal is, whether the legislation in question is in conflict with subdivision XI., section 34, art. 3, of the Constitution, as special legislation. Sections 1178 and 1179 of the General Statutes 1882, as amended and incorporated in the Revised Statutes of 1893 as sections 1273 and 1274, are as follows: "Sec. 1273. All landowners of the counties of Anderson, Beaufort, Chester, Greenville, Oconee, Union, Fairfield, Laurens, Newberry and Abbeville shall remove from the running streams of water upon their lands, all trash, trees, rafts and timber during the months of May and August in each year; and in the counties of Pickens, Spartanburg and York, in the month of August in each year. Section 1274. Any person convicted of violating the foregoing section shall be deemed guilty of a misdemeanor, and shall be punished by a fine of not less than five nor more than fifty dollars, or be imprisoned not less than ten nor more than thirty days, in the discretion of the Court before which the case may be tried." By sec. 34, art. 3, of the Constitution, the General Assembly is forbidden to enact local or special laws on certain enumerated subjects, but these subjects do not embrace the matter of cleaning out running streams. In subdivision 11 of this section it is provided, "In all other cases, where a general law can be made applicable, no special law shall be enacted." The contention, therefore, is that a general law can be made applicable to this subject; and since the acts in question are local or special, they are in conflict with subdivision 11 aforesaid. But if we should hold that a general law could be made applicable to this subject, and that the legislation in question is local or special, it does not render the said legislation void, as in conflict with the Constitution, because the legislation was had long before the adoption of the Constitution, and the provisions of the Constitution, under consideration, are not retroactive. In the case of *State* v. *Higgins,* 51 S. C., 54, the act declared to be in conflict with subdivision 11 of sec. 34, art. 3, because a general law could have been made applicable, was adopted

after the Constitution of 1895 went into operation. It is contended, however, that under subdivision 3, sec. 11, of art. 17, the legislation in question was in effect repealed upon the adoption of the Constitution. This section simply repeals the provisions of all laws inconsistent with the self-exacting provisions of the Constitution. The prohibition against the enactment of local or special laws on certain specified subjects; and in all cases where a general law can be made applicable, being prospective only, it follows that such local or special legislation, as was in existence at the adoption of the Constitution and valid when enacted, can not be held inconsistent with the provisions of the Constitution relating to prospective legislation of that character. We concur with the Circuit Court, overruling the magistrate on this point.

The next question presented is, whether the acts in question were repealed by the acts of 1894 and 1896, providing a new system of county government for all the counties of the State. The argument is that the provisions appearing as sections 1273 and 1274, above quoted, can only be enforced in the manner provided in the law appearing as section 1276, Revised Statutes, as follows: "It shall be the duty of the county board of road commissioners of the counties above named to see that the provisions of the three preceding sections are complied with; and in case of neglect or refusal on the part of any landowner to comply with their requirements, the said commissioners shall, upon complaint being made to them by any landowner or renter interested in the enforcement of the provisions of said sections, notify such landowner to proceed within fifteen days to comply therewith, and upon failure to do so, the said commissioners shall indict, or cause the said landowners so neglecting or refusing to be indicted, under the provisions of said sections; and should the commissioners neglect or refuse to perform the duties required of them by this section, they shall be severally guilty of a misdemeanor, &c." The contention is that

the county board of road commissioners no longer exists, and that no person nor body of persons is now charged with the enforcement of said sections 1273 and 1274. We fail to see merit in this contention. Section 1181 of the General Statutes, 1882, made it the duty of the county commissioners of the counties named to see that the provisions of sections 1178, 1179 and 1180, which now appear as sections 1273, 1274 and 1275 of the Revised Statutes, were enforced. The new county government act of January 4th, 1894, (21 Stat., 483,) devolved the duties of county commissioners upon the county supervisor and county board of road commissioners, and by the act approved December 24, 1894, 21 Stat., 756, county board of road commissioners are called county board of commissioners. Thus, whatever duty in the premises belonged formerly to the county commissioners, afterward to the county board of road commissioners, now belongs to the county board of commissioners. But even if the new county government acts were deemed in any way inconsistent with the provisions of sec. 1276, quoted above, and could possibly be construed as repealing said section, it would not by any means follow that the provisions of sections 1273 and 1274 may not stand, independently of section 1276. This brings us to the last question raised.

It is contended that no prosecution can be instituted under sections 1273 and 1274 by a private citizen, that the landowner or renter, interested in the enforcement of the provisions of these sections, must first complain to the county board of commissioners, who shall notify such landowner to comply with said sections within fifteen days, and the said commissioners shall indict or cause to be indicted the landowners neglecting or refusing compliance. We do not so hold. The method of procedure mentioned in sec. 1276 is not exclusive. This section seeks to secure enforcement of the provisions of sec. 1273, *et seq.,* by making it incumbent on certain officers, under penalty, to see after their enforcement, and is cumulative, not exclusive. This section itself recognizes that the prosecution or indict-

ment is "under the provisions of said sections," meaning sections 1273, 1274 and 1275, and not under section 1276. The neglect or refusal of the landowner to clean out the running streams, after notice from the commissioners requiring the same, is important in determining what is the further duty of the commissioners in the premises, but is of no bearing on the offense, which is made a misdemeanor in sec. 1273. The misdemeanor, which is indictable, is not neglect or refusal to remove trash, trees, rafts and timber from the running streams within fifteen days after notice from the commissioners requiring such removal, but is neglect to make such removal during the months of May and August in each year, as provided in sec. 1273. This last mentioned section in no wise depends on sec. 1276. In itself it defines what shall be deemed a misdemeanor, a public offense, and does not make any special and exclusive provision as to the manner of its enforcement. It follows that any person may institute a prosecution thereunder, as in other misdemeanors.

The judgment of the Circuit Court is affirmed.